FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 OCT 12 PM 1:03

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

ANTHONY IPPOLITO,
    Plaintiff,

vs.

CASE NO.: 3:12-CV-1115-J-25JBT

CENTRAL CREDIT SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, **ANTHONY IPPOLITO** [hereinafter Plaintiff], by and through undersigned counsel, and sues Defendant, **CENTRAL CREDIT SERVICES, INC.,** [hereinafter Defendant], and alleges:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 US.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Section 559.55 et seq. of the Florida Statutes ("FCCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.  Plaintiff is a natural person who resides in Palm Coast, Flagler County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5.  Defendant is a collection agency operating from an address of 9550 Regency Square Blvd, Suite 500, Jacksonville, Florida 32225, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Section 559.55(6).

## FACTS COMMON TO ALL COUNTS

6.  Plaintiff incurred charges to Toyota Financial when he co-signed for his daughter's automobile loan. The loan was for personal, household, or consumer purposes which is a "debt" as that term is defined by Section 559.55(1), Fla. Stat. and 15 U.S.C. § 1692a(5).

7.  Sometime thereafter the debt was transferred to Defendant for collection and in 2011, the Defendant began calling the Plaintiff daily in an attempt to collect the debt.

8.  Defendant Plaintiff is a 100% disabled military veteran and told the Defendant that he was on a fixed income and could not pay the account as his only income was his disability check.

9.  Defendant told the Plaintiff that his bank account would be seized if he didn't pay debt.

10. At this point, the Plaintiff sent the Defendant a cease and desist letter requesting that the Defendant stop calling him about the debt. The Defendant ignored his letter and continued to contact the Plaintiff.

11. Defendant's collection methods are abusive in that they attempt to take action that cannot be legally taken. Defendant had no legal right to seize the Plaintiff's bank account as

there was no judgment against the Plaintiff and, furthermore, military disability payments are exempt from garnishment.

## COUNT ONE: FLORIDA FAIR DEBT COLLECTION VIOLATION

12. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §§559.55 to 559.785).

13. By contacting Plaintiff and threatening to seize his military disability income, Defendant is, was subject to, and has violated provisions of Fla. Stat. §559.72 by:

   a. "Claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or <u>assert the existence of some other legal right when such person knows that the right does not exist.</u> Fla. Stat. §559.72(9)."

14. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla. 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the federal Fair Debt Collection Practices Act, the provision that is more protective of the debtor prevails).

15. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear, embarrassment, damage to her reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

16. Plaintiff has retained the undersigned attorney for the purpose of pursing this matter against Defendants and is obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of

attorney's fees should Plaintiff prevail in this matter.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## COUNT TWO: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff realleges paragraphs one (1) through ten (10) as if fully restated herein and further states as follows:

17. This is an action for damages for violation of the "Fair Debt Collection Practices Act." (15 U.S.C. §1692a(5).

18. Defendant is a debt collector as defined by the Fair Debt Collections Practices Act (FDCPA) §15 USC 1692 803(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. For purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. *See. Jeter v. Credit Bureau, Inc.* 760 F.2d 1168 at 1172-75(11th Cir. 1985) (adopting the test enunciated in *Exposition Press Inc. v. FTC*, 295 F.2d 869 (2d Cir. 1961)). The principles underlying the FDCPA must be implemented for "the public-that vast multitude which includes the ignorant, the unthinking, and the credulous." Id. at 1172-73 (quoting in part *Fed. Trade Comm'n v. Standard Educ. Society*, 302 U.S. 112, 116, 58 S.Ct. 113 82 L.ed. 141 (1937).

20. The foregoing acts and omissions of Defendant and their agents constitute

numerous and multiple violations of the FDCPA including but not limited to 15 U.S.C § 1692d, (Any conduct the natural consequence of which is to harass, oppress, or abuse any person); 15 U.S.C § 1692e, (Any false, deceptive, or misleading representation or means in connection with the debt collection); 15 U.S.C § 1692e(2), (Any false or misleading representation as to the character, amount, or legal status of the alleged debt); 15 U.S.C § 1692e(5), (Threaten to take any action that cannot legally be taken or that is not intended to be taken); 15 U.S.C § 1692e(10), (Any false representation or deceptive means to collect a debt or obtain information about a consumer); 15 U.S.C. §1692f, (Any unfair or unconscionable means to collect the alleged debt with respect to the Plaintiff and 15 U.S.C. §1692c(c) (communicating with the debtor after written notification to cease contact.)

21.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE,** Plaintiff, on demands judgment against Defendant, for damages, injunctive and declaratory relief, reasonable attorney's fees, costs, interest, and such other relief as this Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

COLLINS & STORY, P.A.

/s/ Max Story

MAX STORY, ESQ.
Florida Bar No. 527238
JENNIFER MCCARTHY, ESQ.
Florida Bar No. 0086793
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Facsimile: (904) 634-1507
Attorneys for Plaintiff